USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x
TAMARINDART, LLC,

                 Plaintiff,

       - against -

RAISA HUSAIN AND OWAIS HUSAIN AS
ADMINISTRATORS OF THE ESTATE OF
MAQBOOL FIDA HUSAIN,

                Defendant.
--------------------------------------------------------------- x

CIVIL ACTION NO. 1:22-cv-595

**STIPULATION AND**
**PROTECTIVE ORDER**

WHEREAS, the parties TamarindArt, LLC and Raisa Husain and Owais Husain as Administrators of the Estate of Maqbool Fida Husain (the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, personal or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." (All such information shall be referred to as "Confidential Information").

    2.    For the purposes of this Protective Order, "documents" means all written, recorded, computerized, electronic, or graphical material or information and things, whether produced or

created by a Party or another person, and whether produced in response to a discovery request, subpoena, agreement, or otherwise

3. Counsel for any party may designate any document or information, in whole or in part, as highly confidential if counsel determines, in good faith, that the document or information contains non-public and highly confidential business, strategic, proprietary, or otherwise highly sensitive business information, trade secrets, or other similar information not generally known and that, in the good faith judgment of counsel, is substantially likely to cause injury to the commercial, financial, strategic, business or other interests of such Disclosing Party or its employees, customers, or clients if disclosed. Information and documents designated by a Disclosing Party as highly confidential will be stamped "ATTORNEY'S EYES ONLY" (All such information shall be referred to as "Attorney's Eyes Only Information").

4. By producing Confidential Information or Attorney's Eyes Only Information, the producing Party does not waive any objection to the admissibility, relevance or any other ground of objection to those documents, all of which grounds are specifically reserved.

5. Any materials labeled or testimony denoted with either the Confidential Information or Attorney's Eyes Only Information designation and the information contained within those materials shall not be used by any Party, person, or nonparty entity except in accordance with the terms of this Order. Confidential Information Attorney's Eyes Only Information shall be used for purposes of this litigation only and for no other purpose (including, but not limited to, any business, commercial, or competitive purpose) and shall not be used in any other action or proceeding without either the written agreement of the Party producing the Confidential Information or Attorney's Eyes Only Information or further order of the Court.

6. If counsel for a Party receiving documents or information designates as CONFIDENTIAL or ATTORNEY'S EYES ONLY objects to such designation of any or all of such items, the following procedure will apply:

    a. Within seven (7) days of receiving documents marked as CONFIDENTIAL or ATTORNEY'S EYES ONLY Counsel for the objecting Party shall serve on the designating Party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating Party or third party shall respond in writing to such objection within seven (7) days and shall state with particularity the grounds for asserting that the document or information is CONFIDENTIAL or ATTORNEY'S EYES ONLY. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute within seven (7) days.

    b. If the Parties are unable to come to a resolution after a good faith attempt to resolve the dispute, the proponent of the designation being challenged may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" or "Attorney's Eyes Only" in the action may be affected. The document or information which is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. Confidential Information shall not be disclosed to any person, except:

    a. A party, including in the case of corporate parties, their affiliates and each of their directors, officers, employees, and insurers;

    b. Counsel for any party in this action, including attorneys of record or of counsel to a party and in-house counsel, and employees of such counsel assigned to and necessary to assist in the litigation;

    c. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    e. Witnesses and deponents in this action who are shown the Confidential Information while testifying;

    f. Any shorthand or court reporters or videographers retained to report a deponent's testimony taken in this case;

    g. The author, custodian, or any individual identified as a recipient of the discovery material, or the original source of the information; and

    h. any other person whom the parties agree, in advance and in writing, may receive such information.

8. Any person identified in Paragraph 7(d)-(e) and 7(h) above, to whom disclosure of the CONFIDENTIAL DOCUMENTS is made, shall be advised of this Protective Order and, before disclosure is made, shall sign a document (a copy of which is attached hereto as Exhibit A) manifesting that he or she agrees to abide by the terms of this Protective Order. The Parties shall keep a list with the name of each consultant and/or expert hired by each respective Party who has

signed a copy of the Protective Order. If the CONFIDENTIAL DOCUMENTS are presented to any person who is not a consultant and/or expert, counsel for all Parties shall be provided immediately with a copy of Exhibit A, bearing the signature of any such person before the CONFIDENTIAL DOCUMENTS are disclosed to such person.

      a.    Documents produced and marked as ATTORNEY'S EYES ONLY may be disclosed only to the individuals set forth in Paragraph 7(b)-(h) and on the conditions set forth in Paragraph 8 and to such other persons as counsel for the producing Party agrees in writing in advance or as ordered by the Court. For the avoidance of doubt, under no circumstances may documents marked as ATTORNEY'S EYES ONLY be disclosed to any Party.

      9.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

      10.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall

be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. At the conclusion of litigation, whether by judgment, settlement or otherwise, including all appeals, Confidential or Attorney's Eyes Only Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential and/or Attorney's Eyes Only Information if otherwise required by law or pursuant to a valid subpoena, provided that no party shall make any such disclosure unless they have first provided the other party with notice of such legal process or subpoena not less than twenty (20) days in advance of the required date of disclosure, thereby providing the other party the ability to intervene should it choose to oppose such disclosure. If compliance with said legal process and/or subpoena is required within fewer than twenty (20) days following receipt of such legal process and/or subpoena, notice shall be provided within two (2) business days of receipt of said legal process and/or subpoena. No party shall voluntarily disclose Confidential and/or Attorney's Eyes

Only Information in advance of the specified production date absent the other party's express written consent. The parties shall cooperate in good faith in objecting to any such legal process and/or subpoena, moving to quash, applying to seal documents, or other appropriate opposition or remedy.

14. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court and this Court shall retain jurisdiction to enforce the terms of the Order, only for the pendency of this litigation.

SO STIPULATED AND AGREED.

Dated: New York, New York
          May 11, 2022

*/s/ Lucas A. Markowitz*
OFFIT KURMAN, P.A.

Laura J. Winston, Esq.
Lucas A. Markowitz, Esq.
590 Madison Avenue, 6th Floor
New York, New York 10022
Telephone: (212) 545-1900
Facsimile: (212) 545-1656
lwinston@offitkurman.com
lucas.markowitz@offitkurman.com

*Attorneys for Plaintiff and Counterclaim Defendant TamarindArt, LLC*

*/s/ James Rosenfeld*
DAVIS WRIGHT TREMAINE LLP

James Rosenfeld
Meenakshi Krishnan (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
jamesrosenfeld@dwt.com
meenakshikrishnan@dwt.com

*Attorneys for Defendants and Counterclaim Plaintiffs Raisa Husain and Owais Husain as Administrators of the Estate of Maqbool Fida Husain*

SO ORDERED.

Dated: May 11, 2022
          New York, New York

_____
ANALISA TORRES
United States District Judge

# EXHIBIT A

# AGREEMENT

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *TamarindArt, LLC v. Raisa Husain and Owais Husain as Administrators of the Estate of Maqbool Fida Husain*, Civil Action No. 1:22-cv-595 (S.D.N.Y.) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" are highly confidential by Order of the Court.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Attorney's Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and agree not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Attorney's Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Attorney's

9

Eyes Only Information are to be returned to counsel who provided me with such documents and materials, or destroyed.

DATED:

_____
Signed in the presence of:

_____
(Attorney)