UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

TAMARINDART, LLC,

                     Plaintiff,

        - against -

RAISA HUSAIN AND OWAIS HUSAIN AS
ADMINISTRATORS OF THE ESTATE OF
MAQBOOL FIDA HUSAIN,

                     Defendant.

CIVIL ACTION NO. 1:22-cv-595

---------------------------------------------------------------- x

### ANSWER OF DEFENDANTS RAISA HUSAIN AND OWAIS HUSAIN AS ADMINISTRATORS OF THE ESTATE OF MAQBOOL FIDA HUSAIN TO FIRST AMENDED COMPLAINT

Defendants Raisa Husain and Owais Husain as Administrators of the Estate of Maqbool

Fida Husain (the "Estate"), by and through their undersigned counsel, hereby file their Answer

and Affirmative Defenses to Plaintiff TamarindArt, LLC's ("Plaintiff" or "Tamarind") First

Amended Complaint ("FAC") using the same headings and paragraph numbers employed by

Tamarind.

### THE NATURE OF THE ACTION[1]

1.      The Estate admits that this purports to be a civil action for a declaratory judgment

of, among other things, non-infringement of certain copyright rights owned by the Estate arising

under the Copyright Act, 17 U.S.C. § 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§

2201 and 2202, but denies that Plaintiff is entitled to any relief in this action.

2.      The Estate admits that in 2002, Plaintiff bought a painting called "Lightning"

("Artwork") by an artist named Maqbool Fida Husain ("MFH") (who is deceased) for $400,000

---

[1] The Estate repeats the headings from Plaintiff's FAC herein for ease of reference. To the extent any of the headings contain factual allegations, the Estate denies those allegations.

and respectfully refers this Court to the agreement between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A, which speaks for itself.  Except as so admitted or referred, the Estate denies each and every allegation in Paragraph 2 of the FAC.

3.      The Estate admits upon information and belief that Tamarind has launched a campaign to sell non-fungible tokens ("NFTs" and "NFT Project") based on the Artwork.  The Estate lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 of the FAC, and on that basis, denies each and every remaining allegation in Paragraph 3 of the FAC.

4.      The Estate admits to sending Plaintiff a cease-and-desist letter on January 8, 2022 and respectfully refers the Court to this letter for its content and meaning.  The Estate further admits that at the time it sent Plaintiff the January 8 cease-and-desist letter, at the time Plaintiff filed its Complaint (ECF No. 1), and at the time the Estate answered Plaintiff's Complaint (ECF No. 26), it had no knowledge of the 2009 Agreement, nor had Plaintiff referenced or produced the 2009 Agreement. Except as so admitted and referred, the Estate denies each and every allegation in Paragraph 4 of the FAC.

## THE PARTIES

5.      The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 5 and demands strict proof of Plaintiff's citizenship.

6.      The Estate admits that Defendant Raisa Husain ("RH") is an executor of the M.F. Husain Estate.  The Estate further admits that RH is a United States citizen residing in Mumbai, India.

7.      The Estate admits that Defendant Owais Husain ("OH") is an executor of the M.F.

Husain Estate.  The Estate further admits that OH is a citizen of India, currently residing in Dubai, United Arab Emirates.

## JURISDICTION AND VENUE

8.      Paragraph 8 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate does not—at this time and for purposes of this case only—contest that this Court has subject matter jurisdiction to hear this action.

9.      Paragraph 9 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate does not—at this time and for purposes of this case only—contest that this Court has subject matter jurisdiction to hear this action.  Except as so admitted and referred, the Estate denies each and every allegation in Paragraph 9 of the FAC.

10.      Paragraph 10 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate does not—at this time and for purposes of this case only—contest that this Court has personal jurisdiction over it. Except as so admitted and referred, the Estate denies each and every allegation in Paragraph 10 of the FAC.

11.       Paragraph 11 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate does not—at this time and for purposes of this case only—contest that this Court has supplemental jurisdiction over Plaintiff's purported claims under New York state law. Except as so admitted and referred, the Estate denies each and every allegation in Paragraph 11 of the FAC.

12.      Paragraph 12 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate does not—at this time and for purposes of this case only—contest that venue is proper in the Southern District of New York.

## FACTUAL BACKGROUND

### A.  Background on MFH and Tamarind

13.     Admitted.

14.     The Estate admits that in 1975, MFH painted "Lightning."  The Estate lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14 of the FAC, and on that basis, the Estate denies the remaining allegations in Paragraph 14.

15.     Admitted.

16.     The Estate denies that the Artwork was often called the "Guernica" of India.  The Estate lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 16.

17.     The Estate admits that MFH at times visited the Tamarind gallery while in New York, New York.  The Estate lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 of the FAC, and on that basis, the Estate denies the remaining allegations in Paragraph 17.

18.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 18.

### B.  Tamarind's Acquisition of Lightning

19.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 19.

20.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 20.

21.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 21.

22.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 22.

23.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 23.

24.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 24.

25.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 25.

26.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 26.

27.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the FAC, and on that basis, the Estate denies each and every

allegation in Paragraph 27.

28.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 28.

29.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 29.

30.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 30.

31.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 31.

32.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 32.

33.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 33.

34.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 34.

35.     The Estate lacks information sufficient to form a belief as to the truth or falsity of

the allegations in Paragraph 35 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 35.

36.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 36.

37.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 37.

38.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 38.

39.     The Estate admits upon information and belief that on December 1, 2002, MFH and Mr. Charugundla, on behalf of Tamarind, signed the Agreement and Bill of Sale attached as Exhibit A to the FAC.[2]

40.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 40.

### C.  The Terms of the Bill of Sale

41.     The Estate respectfully refers this Court to the December 1, 2002 Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 41 of the FAC.

42.     The Estate admits upon information and belief that the December 1, 2002

---

[2] The Estate assumes, for purposes of this Answer, that Exhibit A to the FAC is a true and correct copy of the 2002 Agreement between Tamarind and MFH.

Agreement and Bill of Sale was between Tamarind and MFH, but respectfully refers this Court to the Agreement, attached to Plaintiff's FAC as Exhibit A, which speaks for itself. Except as so admitted and referred, the Estate denies each and every allegation in Paragraph 42 of the FAC.

43.     The Estate respectfully refers this Court to the December 1, 2002 Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 43 of the FAC.

44.     The Estate respectfully refers this Court to the December 1, 2002 Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 44 of the FAC.

45.     The Estate respectfully refers this Court to the December 1, 2002 Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 45 of the FAC.

46.     The Estate respectfully refers this Court to the December 1, 2002 Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 46 of the FAC.

47.     The Estate respectfully refers this Court to the December 1, 2002 Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 47 of the FAC.

48.     The Estate admits that the December 1, 2002 Agreement and Bill of Sale specified an agreed-upon purchase price of $400,000 for the Artwork.  Except as so admitted, the Estate lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 48 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 48.

49.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 49.

**D.  The 2003 Agreement**

50.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 50.

51.     The Estate admits upon information and belief that on April 11, 2003, MFH and Tamarind executed another agreement.[3]  The Estate lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 51 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 51.

52.     The Estate respectfully refers this Court to the April 11, 2003 Agreement between Plaintiff and MFH, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 52 of the FAC.

53.     The Estate respectfully refers this Court to the April 11, 2003 Agreement between Plaintiff and MFH, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 53 of the FAC.

54.     The Estate respectfully refers this Court to the April 11, 2003 Agreement between Plaintiff and MFH, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 54 of the FAC.

55.     The Estate respectfully refers this Court to the April 11, 2003 Agreement between

---

[3] The Estate assumes, for purposes of this Answer, that the document produced by Tamarind on March 16, 2022 at TMD000007-TMD000009 as part of its initial disclosures is a true and correct copy of the 2003 Agreement between Tamarind and MFH.

Plaintiff and MFH, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 55 of the FAC.

56.     The Estate respectfully refers this Court to the April 11, 2003 Agreement between Plaintiff and MFH, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 56 of the FAC.

**E.  The 2009 Agreement**

57.     The Estate admits upon information and belief that on September 29, 2009, MFH and Tamarind executed another agreement.[4]

58.     The Estate respectfully refers this Court to the April 11, 2003 Agreement between Plaintiff and MFH and the September 29, 2009 Agreement between Plaintiff and MFH, which speak for themselves, but except as so referred, denies each and every allegation in Paragraph 58 of the FAC.

59.     The Estate respectfully refers this Court to the September 29, 2009 Agreement between Plaintiff and MFH, which speaks for itself.

60.     The Estate respectfully refers this Court to the September 29, 2009 Agreement between Plaintiff and MFH, which speaks for itself.

61.     The Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."  Except as so admitted, the Estate respectfully refers this Court to the September 29, 2009 Agreement between Plaintiff and MFH, which speaks for itself.

---

[4] The Estate assumes, for purposes of this Answer, that the document produced by Tamarind on May 16, 2022 at TAMARIND_000229-TAMARIND_000231 as part of its first document production is a true and correct copy of the 2009 Agreement between Tamarind and MFH.  Prior to May 16, 2022, Tamarind had not referenced or produced the 2009 Agreement.

62.     The Estate admits that the 2009 Agreement provided that it was governed by New York law. Except as so admitted, the Estate respectfully refers this Court to the September 29, 2009 Agreement between Plaintiff and MFH, which speaks for itself, and otherwise denies each and every allegation in Paragraph 62 of the FAC.

## F.  MFH Visited New York Often, Never Objecting to Tamarind's Uses and Reproductions of the Artwork

63.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 63.

64.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 64.

65.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 65.

66.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 66.

67.     The Estate admits that MFH at times visited New York City and on some of those occasions visited Tamarind Gallery.  The Estate lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 67 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 67.

68.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the FAC, and on that basis, the Estate denies each and every

allegation in Paragraph 68.

69.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 69.

70.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 70.

71.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 71.

72.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 72.

73.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 73.

74.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 74.

75.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 75.

76.     The Estate lacks information sufficient to form a belief as to the truth or falsity of

the allegations in Paragraph 76 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 76.

77.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 77.

78.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 78.

79.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 79.

80.     The Estate denies that MFH was "very fond" of Mr. Charugundla.  The Estate lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 80 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 80.

81.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 81.

82.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 82.

83.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the FAC, and on that basis, the Estate denies each and every

allegation in Paragraph 83.

84.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 84.

85.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 85.

86.     The Estate admits that RH at times visited New York with MFH, and that on some of those occasions MFH visited the Tamarind Gallery.  The Estate lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 86 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 86.

87.     Admitted.

88.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 88.

89.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 89.

90.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 90.

91.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 of the FAC, and on that basis, the Estate denies each and every

allegation in Paragraph 91.

92.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 92.

**G.  The Lightning NFT Project**

93.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 93.

94.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 94.

95.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 95.

96.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 96.

97.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 97.

98.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 98.

99.     The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 99.

100.    The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 100.

101.    The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 101.

**H. The January 8, 2022 Cease and Desist Letter and Existence of an Actual Controversy**

102.    The Estate admits that it sent a cease-and-desist letter to Mr. Charugundla on January 8, 2022.  The Estate further admits that at the time it sent Plaintiff the January 8 cease-and-desist letter, at the time Plaintiff filed its Complaint (ECF No. 1), and at the time the Estate answered Plaintiff's Complaint (ECF No. 26), it had no knowledge of the 2009 Agreement, nor had Plaintiff referenced or produced the 2009 Agreement.

103.    The Estate respectfully refers the Court to its cease-and-desist letter, which speaks for itself.  Except as so referred, the Estate denies each and every allegation in Paragraph 103 of the FAC.

104.    The Estate respectfully refers the Court to its cease-and-desist letter, which speaks for itself.  Except as so referred, the Estate denies each and every allegation in Paragraph 104 of the FAC.

105.    The Estate respectfully refers the Court to its cease-and-desist letter, which speaks for itself.  Except as so referred, the Estate denies each and every allegation in Paragraph 105 of

the FAC.

106.    The Estate respectfully refers the Court to its cease-and-desist letter, which speaks for itself.  Except as so referred, the Estate denies each and every allegation in Paragraph 106 of the FAC.

107.    Paragraph 107 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 107.

## FIRST COUNT
(Declaratory Judgment – Non-Infringement)

108.    The Estate repeats and re-alleges its answers to Paragraphs 1 through 107 of the FAC as if fully set forth herein.

109.    Paragraph 109 of the FAC contains legal conclusions that require no response. To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."   Except as so admitted, the Estate respectfully refers this Court to the December 1, 2002 Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A; the April 11, 2003 Agreement between Plaintiff and MFH; and the September 29, 2009 Agreement between Plaintiff and MFH, which speak for themselves, and otherwise denies each and every allegation in Paragraph 109 of the FAC.

110.    Paragraph 110 of the FAC contains legal conclusions that require no response. To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell

all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."   Except as so admitted, the Estate respectfully refers this Court to the December 1, 2002 Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A; the April 11, 2003 Agreement between Plaintiff and MFH; and the September 29, 2009 Agreement between Plaintiff and MFH, which speak for themselves, and otherwise denies each and every allegation in Paragraph 109 of the FAC.

111.    The Estate respectfully refers this Court to the December 1, 2002 Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 111 of the FAC.

112.    The Estate respectfully refers this Court to the April 11, 2003 Agreement between Plaintiff and MFH, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 112 of the FAC.

113.    The Estate respectfully refers this Court to the April 11, 2003 Agreement and September 29, 2009 Agreement between Plaintiff and MFH, which speak for themselves, but except as so referred, denies each and every allegation in Paragraph 113 of the FAC.

114.    The Estate respectfully refers this Court to the September 29, 2009 Agreement between Plaintiff and MFH, which speaks for itself.

115.    The Estate admits that the 2009 Agreement provided that it was governed by New York law. Except as so admitted, the Estate respectfully refers this Court to the September 29, 2009 Agreement between Plaintiff and MFH, which speaks for itself, and otherwise denies each and every allegation in Paragraph 115 of the FAC.

116.    The Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part

of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof." Except as so admitted, the Estate respectfully refers this Court to the December 1, 2002 Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A; the April 11, 2003 Agreement between Plaintiff and MFH; and the September 29, 2009 Agreement between Plaintiff and MFH, which speak for themselves, and otherwise denies each and every allegation in Paragraph 116 of the FAC.

117.    Paragraph 117 of the FAC contains legal conclusions that require no response. To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof." The Estate further admits that it does not contest that Tamarind may proceed with the NFT Project. Except as so referred, the Estate denies each and every allegation in Paragraph 117 of the FAC and denies that Tamarind is entitled to any relief.

118.    The Estate lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118 of the FAC, and on that basis, the Estate denies each and every allegation in Paragraph 118.

119.    Paragraph 119 of the FAC contains legal conclusions that require no response. To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof." Except as so referred, the Estate denies each and every allegation in Paragraph 119 of the FAC and denies that Tamarind is entitled to any

relief.

120.    Paragraph 120 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."  The Estate further admits that it does not contest that Tamarind may proceed with the NFT Project. Except as so referred, the Estate denies each and every allegation in Paragraph 120 of the FAC and denies that Tamarind is entitled to any relief.

121.    Paragraph 121 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."  The Estate further admits that it does not contest that Tamarind may proceed with the NFT Project. Except as so referred, the Estate denies each and every allegation in Paragraph 121 of the FAC and denies that Tamarind is entitled to any relief.

122.    Paragraph 122 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."  The Estate further admits that it does not contest that Tamarind may proceed with the NFT Project. Except as so referred, the Estate denies

each and every allegation in Paragraph 122 of the FAC and denies that Tamarind is entitled to any relief.

## SECOND COUNT
(Declaratory Judgment – Ownership)

123.    The Estate repeats and re-alleges its answers to Paragraphs 1 through 122 of the FAC as if fully set forth herein.

124.    Paragraph 124 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."  The Estate further admits that it does not contest that Tamarind may proceed with the NFT Project. Except as so referred, the Estate denies each and every allegation in Paragraph 124 of the FAC and denies that Tamarind is entitled to any relief.

125.    The Estate respectfully refers this Court to the April 11, 2003 Agreement between Plaintiff and MFH, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 125 of the FAC.

126.    The Estate respectfully refers this Court to the April 11, 2003 Agreement between Plaintiff and MFH, which speaks for itself, but except as so referred, denies each and every allegation in Paragraph 126 of the FAC.

127.    Paragraph 127 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including

all intellectual property or copyright in respect thereof."  The Estate further admits that it does not contest that Tamarind may proceed with the NFT Project. Except as so referred, the Estate denies each and every allegation in Paragraph 127 of the FAC and denies that Tamarind is entitled to any relief.

128.     The Estate respectfully refers the Court to its cease-and-desist letter, which speaks for itself.  Except as so referred, the Estate denies each and every allegation in Paragraph 128 of the FAC.

129.     Paragraph 129 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."  The Estate further admits that it does not contest that Tamarind may proceed with the NFT Project. Except as so referred, the Estate denies each and every allegation in Paragraph 129 of the FAC and denies that Tamarind is entitled to any relief.

130.     Paragraph 130 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."  The Estate further admits that it does not contest that Tamarind may proceed with the NFT Project. Except as so referred, the Estate denies each and every allegation in Paragraph 130 of the FAC and denies that Tamarind is entitled to any relief.

131.    Paragraph 131 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."  The Estate further admits that it does not contest that Tamarind may proceed with the NFT Project. Except as so referred, the Estate denies each and every allegation in Paragraph 131 of the FAC and denies that Tamarind is entitled to any relief.

132.    Paragraph 132 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."  The Estate further admits that it does not contest that Tamarind may proceed with the NFT Project. Except as so referred, the Estate denies each and every allegation in Paragraph 132 of the FAC and denies that Tamarind is entitled to any relief.

133.    Paragraph 133 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate admits that the 2009 Agreement assigned and granted Tamarind an "exclusive, royalty free, worldwide license to display, market, reproduce and resell all or any part of the [Artwork], or create derivative art or images or derivative products, including all intellectual property or copyright in respect thereof."  The Estate further admits that it does not contest that Tamarind may proceed with the NFT Project. Except as so referred, the Estate denies each and every allegation in Paragraph 133 of the FAC and denies that Tamarind is entitled to any

relief.

## THIRD COUNT
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

134.    The Estate repeats and re-alleges its answers to Paragraphs 1 through 133 of the

FAC as if fully set forth herein.

135.    Paragraph 135 of the FAC contains legal conclusions that require no response.  To

the extent a response is required, the Estate respectfully refers this Court to the December 1, 2002

Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A;

the April 11, 2003 Agreement between Plaintiff and MFH; and the September 29, 2009 Agreement

between Plaintiff and MFH, which speak for themselves.  Except as so referred, the Estate denies

each and every allegation in Paragraph 141 of the FAC.

136.    Paragraph 136 of the FAC contains legal conclusions that require no response.  To

the extent a response is required, the Estate respectfully refers this Court to the December 1, 2002

Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A;

the April 11, 2003 Agreement between Plaintiff and MFH; and the September 29, 2009 Agreement

between Plaintiff and MFH, which speak for themselves.  Except as so referred, the Estate denies

each and every allegation in Paragraph 136 of the FAC.

137.    Paragraph 137 of the FAC contains legal conclusions that require no response.  To

the extent a response is required, the Estate respectfully refers this Court to the December 1, 2002

Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A;

the April 11, 2003 Agreement between Plaintiff and MFH; and the September 29, 2009 Agreement

between Plaintiff and MFH, which speak for themselves.  Except as so referred, the Estate denies

each and every allegation in Paragraph 137 of the FAC.

138.    Paragraph 138 of the FAC contains legal conclusions that require no response.  To

the extent a response is required, the Estate denies each and every allegation in Paragraph 138 of the FAC and denies that Tamarind is entitled to any relief arising from this claim.

139.    Paragraph 139 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate denies that Tamarind is entitled to any relief and otherwise lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139 of the FAC, and on that basis, the Estate denies the allegations.

**FOURTH COUNT**
(Breach of Contract for the Bill of Sale, 2003 Agreement and 2009 Agreement)

140.    The Estate repeats and re-alleges its answers to Paragraphs 1 through 139 of the FAC as if fully set forth herein.

141.    Paragraph 141 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate respectfully refers this Court to the December 1, 2002 Agreement and Bill of Sale between Plaintiff and MFH, attached to Plaintiff's FAC as Exhibit A; the April 11, 2003 Agreement between Plaintiff and MFH; and the September 29, 2009 Agreement between Plaintiff and MFH, which speak for themselves.  Except as so referred, the Estate denies each and every allegation in Paragraph 141 of the FAC.

142.    Paragraph 142 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate denies each and every allegation in Paragraph 142 of the FAC and denies that Tamarind is entitled to any relief.

143.    Paragraph 143 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate denies each and every allegation in Paragraph 143 of the FAC and denies that Tamarind is entitled to any relief.

144.    Paragraph 144 of the FAC contains legal conclusions that require no response.  To the extent a response is required, the Estate denies each and every allegation in Paragraph 144 of

the FAC and denies that Tamarind is entitled to any relief.

## PRAYER FOR RELIEF

With respect to the WHEREFORE clauses in the FAC (Paragraphs a through e), the Estate denies that Tamarind is entitled to any relief.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the FAC. The Estate denies all allegations, declarations, claims, or assertions in the FAC that are not specifically admitted in this Answer. To the extent the headings contained in the FAC constitute allegations, such allegations are denied.

## AFFIRMATIVE DEFENSES

Further responding to the FAC, the Estate asserts the following defenses.  The Estate does not admit to having the burden of proof and/or the burden of persuasion with respect to any of these defenses. By designating the following as defenses, the Estate does not in any way waive or limit any defenses that are or may be raised by their denials, allegations, and averments set forth herein. These defenses are pleaded in the alternative, are raised to preserve the Estate's right to assert such defenses, and are raised without prejudice to the Estate's ability to raise other and further defenses. The Estate reserves the right to amend, supplement, and/or otherwise modify this Answer, including without limitation the right to assert additional affirmative defenses as they become apparent or available to the Estate through discovery or otherwise:

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because this action does not involve an "actual controversy" under 28 U.S.C. § 2201.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to the declaratory relief, damages, or other relief sought.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate its alleged damages.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff does not own valid and/or enforceable copyrights in the Artwork under the 2002 Agreement and/or the 2003 Agreement.

## SIXTH DEFENSE

Plaintiff's claims under the 2002 Agreement and/or the 2003 Agreement are barred, in whole or in part, under Sections 19(5) and 30A of the Indian Copyright Act, 1957, which mandate that where an agreement does not state the period of assignment or license, the period of assignment or license is deemed to be five years from the date of assignment or license. Because the alleged December 1, 2002 Agreement at issue did not specify a period of assignment or license, any alleged assignment or license to Plaintiff of any copyrights in the Artwork under the 2002 Agreement and/or 2003 Agreement expired and reverted to the Estate on December 1, 2007.

## SEVENTH DEFENSE

Plaintiff's claims under the 2002 Agreement and/or the 2003 Agreement are barred, in whole or in part, under Section 19(4) of the Indian Copyright Act, which requires an assignee or

licensor to exercise the rights assigned or licensed within a period of one year from the date of assignment or license, otherwise, that assignment or license is deemed to have lapsed at the end of that one-year period, unless otherwise specified.   Because the alleged December 1, 2002 Agreement at issue does not specify otherwise, and because Plaintiff failed to exercise (in whole or in part) the assigned or licensed copyrights in relation to the Artwork within one year from the date of that agreement, any alleged assignment or license of any copyrights in the Artwork in favor of Plaintiff under the 2002 Agreement and/or the 2003 Agreement lapsed and reverted to the Estate on December 1, 2003.

## **EIGHTH DEFENSE**

Plaintiff's claims under the 2002 Agreement and/or the 2003 Agreement are barred, in whole or in part, under the second proviso to Section 18 of the Indian Copyright Act, which bars the application of any assignment to "any medium or mode of exploitation of the work which did not exist or was not in commercial use at the time when the assignment was made," unless such medium or mode of exploitation was specifically referred to in the assignment.   Because the alleged December 1, 2002 Agreement at issue did not specifically refer to the digital mediums or modes of exploitation at issue in this case, and because those digital mediums or modes neither existed nor were in commercial use at the time of that agreement, the 2002 Agreement never conveyed any copyrights related to the digital modes or mediums Plaintiff is seeking to exploit through the NFT Project.   Even otherwise, Plaintiff's claims under the 2002 Agreement and/or the 2003 Agreement are also barred, in whole or in part, under Indian contract law, as there could not have been any consensus ad idem as to any rights claimed to have been assigned with respect to any digital mediums or modes of exploitation which did not exist at the time of execution of the 2002 Agreement.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they imply obligations that would be inconsistent with other terms of the alleged contractual relationships at issue.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Estate has not acted in a manner that would deprive of Plaintiff of the right to receive the benefits of any alleged agreement.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they do not allege facts that the Estate acted in bad faith.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has unclean hands.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel and waiver.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages claimed by Plaintiff are too speculative and/or remote to be compensable under New York law.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is duplicative of its breach of contract claim.


Dated: September 9, 2022                    Respectfully submitted,

                                            By: /s/ *James Rosenfeld*
                                            James Rosenfeld
                                            Meenakshi Krishnan (admitted *pro hac vice*)
                                            DAVIS WRIGHT TREMAINE LLP

1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
jamesrosenfeld@dwt.com
meenakshikrishnan@dwt.com

*Attorneys for Defendants Raisa Husain and Owais
Husain as Administrators of the Estate of Maqbool
Fida Husain*